UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARK HANSON, S.H, a minor,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; SAN DIEGO POLICE DEPARTMENT; and DOES 1–100,<br><br>Defendants. | Case No.: 18-cv-0689-JAH-MDD<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND VACATING HEARING ON MOTION FOR PRELIMINARY INJUNCTION** |

Pending before the Court is Plaintiff Richard Mark Hanson's ("Plaintiff"), proceeding *pro se*, and on behalf of S.H., a minor, Motion for Preliminary Injunction. In his motion, Plaintiff moves this Court to "enjoin and prohibit" the County of San Diego and San Diego Police Department ("Defendants") from taking any further action against S.H. [Doc. No. 4]. After a careful review of the pleadings filed by all parties, and for the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief or temporary restraining orders in order to prevent "immediate and irreparable injury." Fed.R.Civ.P. 65(b). A preliminary injunction is an extraordinary

1

and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). This equitable relief is within the discretion of the Court after balancing various factors. Benda v. Grand Lodge of the Int'l Assoc. of Machinists & Aerospace Workers, 584 F.2d 308, 314 (9th Cir.1978). "A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits, (2) is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The Ninth Circuit Court of Appeal has determined that its "serious questions" sliding scale test, which permits one element to offset a weaker one, is still viable after the four-part element test provided in Winter. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 -35 (9th Cir. 2011). Therefore, a preliminary injunction may issue if the plaintiff demonstrates serious questions going to the merits and that the balance of hardships tip sharply in his favor, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

  Here, Plaintiff's motion is vague, unclear, and fatally ambiguous. More importantly, Plaintiff has not established the likelihood of irreparable harm nor has he shown a likelihood of success on the merits of this case. Plaintiff filed this motion in order to stop "further action against S.H.," however, Plaintiff fails to adequately articulate what is meant by "further action." Absent a clear understanding of the activity Plaintiff seeks to enjoin, the Court is incapable of analyzing the irreparability of any alleged harm. Additionally, "a preliminary injunction may be denied on the sole ground that the plaintiff failed to raise even 'serious questions' going to the merits." Vanguard Outdoor, LLC v. City of Los Angeles, 648 F.3d 737 (9th Cir. 2011). Here, Plaintiff does not address the merits of the underlying case whatsoever, and as such, fails to establish that even "serious questions" exist. Accordingly, Plaintiff's Motion for Preliminary Injunction [Doc. No. 4] is **DENIED without prejudice**, and the hearing date scheduled for June 4, 2018 is **VACATED**.

  **IT IS SO ORDERED.**

2

18-cv-0689-JAH-MDD

DATED: May 29, 2018

JOHN A. HOUSTON
United States District Judge