UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARK HANSON, S.H, a minor,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; SAN DIEGO POLICE DEPARTMENT; and DOES 1–100,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18-cv-0689-JAH-MDD<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE TO QUASH SERVICE OF PROCESS** |

　　　　Pending before the Court is Defendant County of San Diego's ("County") Motion to Dismiss Plaintiffs' complaint, or in the alternative to Quash Service of Process pursuant to Federal Rules of Civil Procedure 12(b)(5). [Doc. No. 13]. After a careful review of the pleadings filed by both parties, and for the reasons set forth below, Defendant's Motion is **DENIED**.

　　　　"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance" with Rule 4 of the Federal Rules of Civil Procedure. S.E.C. v. Ross, 504 F.3d 1130 (9th Cir. 2007). Once service is challenged, the plaintiff bears the burden of establishing sufficiency of process. Brockmeyer v. May, 383

1

F.3d 798, 801 (9th Cir. 2004). Rule 4 of the Federal Rules of Civil Procedure governs service of process. Although Rule 4 is a flexible rule that should be liberally construed, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent 'substantial compliance with Rule 4." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986). Federal Rule of Civil Procedure 4(j)(2), which governs service of process on local government entities, provides: "A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by . . . delivering a copy of the summons and of the complaint to its chief executive officer." Fed.R.Civ.P. 4(j)(2)(A). Alternatively, Rule 4(j)(2)(B) authorizes service in a manner "prescribed by that state's law for serving a summons or like process on such a defendant." Under California law, a plaintiff properly effects service of process on a public agency by serving a "clerk, secretary, president, presiding officer, or other head of its governing body." Cal.Civ.Proc.Code § 416.50(a).

The summons in this case were issued on April 6, 2018. Doc. No. 2. On April 10, 2018, the office of the County Counsel was notified that a copy of the summons and complaint had been delivered to the County's Auditor and Controller's office located at 1600 Pacific Highway, Room 106, San Diego, CA 92101. Doc. No. 13–2, ¶ 3. This municipal department is not authorized to accept service on behalf of the County. Id. at ¶ 4. The Office of County Counsel sent Plaintiffs' a letter advising them that the attempted service was improper, and referring them to the applicable statutes relating to service. Id. at ¶ 7. The County asserts they have yet to be properly served and there has been no subsequent proof of service filed to the Court. See Doc. No. 13–1, pg. 2.

The County argues, and this Court agrees, that Plaintiffs' failed to fully comply with Federal Rule of Civil Procedure 4(j) and California Civ.Proc.Code § 416.50(a). Nevertheless, the Court finds that service was proper based on Plaintiffs' substantial compliance with Rule 4 and the Office of County Counsel's notice of the complaint. "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies,

Inc., 840 F.2d 685, 688 (9th Cir.1988) (citation omitted); see also Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F.Supp. 1237, 1251 (S.D.N.Y.1977) ("[I]t must be borne in mind that compliance with the rules governing service of process is to be construed in a manner reasonably calculated to effectuate their primary purpose: to give the defendant adequate notice that an action is pending.") (citations omitted). The County argues that Plaintiffs' defective service would hinder its ability to adequately defend against a motion for preliminary injunction, which was pending at the time this motion was filed. Doc. No. 13–1, pg. 5. Plaintiffs' motion for preliminary injunction was subsequently denied [Doc. No. 19], thus there is no perceptible prejudice. Crane v. Batelle, 127 F.R.D. 174, 178 (S.D.Cal.1989) (denying defendant's motion to quash because a mistake was innocent, prejudice was insubstantial, and defendant had sufficient notice).

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss, or in the alternative to Quash Service of Process is **DENIED**;
2. The hearing date scheduled June 18, 2018 is **VACATED**;
3. Pursuant to Rule 12(a)(4), Defendant's answer is due **within 14 days** from the date of this order.

**IT IS SO ORDERED.**

DATED: June 11, 2018

_____
JOHN A. HOUSTON
United States District Judge