UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARK HANSEN, S.H, a minor,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; SAN DIEGO POLICE DEPARTMENT; and DOES 1–100,<br><br>Defendants. | Case No.: 18-cv-0689-JAH-MDD<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |

## **INTRODUCTION**

Pending before the Court is a Motion for Preliminary Injunction filed by Plaintiff Richard Mark Hansen ("Plaintiff"), proceeding *pro se*, and on behalf of S.H., a minor. [Doc. No. 24]. After a careful review of the pleadings filed by all parties, and for the reasons set forth below, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

## **BACKGROUND**

On April 6, 2018, Hansen, proceeding *pro se*, and on behalf of his minor child S.H., ("Plaintiffs") brought this lawsuit against the County of San Diego and the San Diego Police Department alleging assault, false imprisonment, and 42 U.S.C. § 1983 civil rights

1

violations. See Doc. No. 1. Plaintiff filed an initial motion for preliminary injunction on April 13, 2017, which was denied by this Court. See Doc. Nos. 4, 19. On June 7, 2018 Plaintiff filed this operative Motion for Preliminary Injunction, which was taken under submission by this Court without oral argument. See Doc. Nos. 24, 31. Additionally, both Defendants in this case, SDPD and County of San Diego, have filed motions to dismiss. See Doc. Nos. 10, 20, 25.

In his Motion for Preliminary Injunction, Plaintiff asserts that he has not seen S.H.–or S.H.'s mother, Tasha Ann Perry ("Perry"), not charged herein–since March 13, 2018, and their whereabouts remain unknown. See Doc. No. 24–1. According to Plaintiff, on March 15, 2018, Perry's attorney, representing her in the on-going state court custody battle with Plaintiff, requested to be relieved as counsel, citing "an erosion of the attorney-client relationship" and indicating that she has lost contact with Perry.[1] Id. at pg. 9. On March 26, 2018, a superior court judge denied Plaintiff's request to issue an order to show cause against Perry for contempt of court and violation of visitation rights. Id. On April 3, 2018 a superior court judge denied Plaintiff's *ex parte* request asking the court to locate and serve Perry with an order to show cause. Id. at pgs. 16–17. While the court did find that "Ms. Perry ha[d] not complied with court orders and removed the child from her school," the court denied the request concluding "the DA's office [would] do its own investigation." Id. On April 13, 2018, Plaintiff filed another *ex parte* application requesting a court order directing the District Attorney's office to locate and serve Perry. Id. at pgs. 19–20. The superior court judge granted this application and requested "the DA's Child Abduction unit locate and serve Ms. Tasha Perry." Id. Plaintiff asserts that the District Attorney's child abduction unit has not complied with this "order." On June 12, 2018, Perry again failed to appear for a hearing before the superior court judge, and a bench warrant was issued for her arrest. See Doc. No. 29, pgs. 8–11.

---

[1] Superior Court of California for the County of San Diego case number D527285, Richard Hansen v. Tasha Perry.

\\

## LEGAL STANDARD

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court may grant preliminary injunctive relief or temporary restraining orders in order to prevent "immediate and irreparable injury." Fed.R.Civ.P. 65(b). A preliminary injunction is an extraordinary and drastic remedy, never awarded as of right. Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (citations omitted). This equitable relief is within the discretion of the Court after balancing various factors. Benda v. Grand Lodge of the Int'l Assoc. of Machinists & Aerospace Workers, 584 F.2d 308, 314 (9th Cir.1978). "A plaintiff seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits, (2) is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The Ninth Circuit Court of Appeals has determined that its "serious questions" sliding scale test, which permits one element to offset a weaker one, is still viable after the four-part element test provided in Winter. See Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134 -35 (9th Cir. 2011). Therefore, a preliminary injunction may issue if the plaintiff demonstrates serious questions going to the merits and that the balance of hardships tip sharply in his favor, "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. at 1135.

## DISCUSSION

Plaintiff's Motion seeks an order directing SDPD "to locate and find S.H., or in the alternative, an order empowering the United States Marshalls"[2] with authority to do so, and

---

[2] Plaintiff's request that the United States Marshals be utilized to find S.H. stems from a conversation he had with Deputy Marshal Ryan Bengert who informed him that "Congress has mandated the U.S. Marshals to start performing locate and removal services when it comes to felony child taking." See Doc. No. 24–1, pg. 11. Deputy Marshal Bengert told Plaintiff that he needed a Federal Court to issue an order of removal which will empower the U.S. Marshals to find S.H. Id.

an order enforcing the superior court judge's order which requested the San Diego County District Attorney's office investigate the alleged abduction of his daughter. See Doc. No. 24–1. Both SDPD and County of San Diego oppose Plaintiff's Motion arguing that: (1) Plaintiff fails to show the "likelihood of success on the merits" of his underlying claims, and (2) an injunction is improper when there is no connection between the proffered injury and the conduct alleged in the complaint. See Doc. Nos. 26, 27.[3] These arguments will be addressed in turn below.

> **i. Likelihood of success on the merits**

"The first factor under Winter is the most important—likely success on the merits." Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015) (citation omitted). Courts treat likelihood of success as a "threshold inquiry," disregarding the other factors when a plaintiff fails to show a likelihood of success on the merits. Id. Plaintiff contends that he need only show that there are "serious questions" going to the merits of the case in order to obtain preliminary injunctive relief, so long as the "balance of hardships . . . tips sharply towards" it. All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1134–35 (9th Cir. 2011). Plaintiff asserts that serious questions exist in this case, "namely, the location of S.H," and further argues that the "likelihood on the merit of the preliminary injunction" is a given. Doc. No. 24–1, pg. 13.

It is clear that Plaintiff remains confused as to what "likelihood of success on the merits" means for purposes of a preliminary injunction. As SDPD correctly articulates, "[t]he relevant inquiry is not whether Plaintiffs can demonstrate serious questions going to the merits of this preliminary injunction motion," rather it "is whether Plaintiffs can demonstrate serious questions going to the merits of the underlying lawsuit." Doc. No. 27, pg. 4. In denying Plaintiff's previous request for injunctive relief, this Court held that "a

---

[3] In addition, SDPD argues that Plaintiff's request for the United States Marshal's Service to assist in finding a non-party is improper. See Doc. No. 27, pg. 5. The County of San Diego additionally contends that Plaintiff's service was improper, and regardless, Plaintiff's Motion is so vague that it fails to provide the County a fair opportunity to put forth a valid opposition. See Doc. No. 26, pgs. 3–6.

4

preliminary injunction may be denied on the sole ground that the plaintiff failed to raise even 'serious questions' going to the merits." See Doc. No. 19 (citing Vanguard Outdoor, LLC v. City of Los Angeles, 648 F.3d 737 (9th Cir. 2011)). Here, similarly to his first motion for preliminary injunction, Plaintiff does not address the merits of the underlying case whatsoever, and as such, fails to establish that even "serious questions" exist. In addition, both Defendants discuss this deficiency in their oppositions, yet Plaintiff fails to address these arguments in his reply briefs. See Doc. Nos. 26, 27, 29, 30.

Moreover, as both Defendants argue, Plaintiff's Motion for Preliminary Injunction requests relief entirely unrelated to the underlying claim. See Doc. Nos. 26, 27. The Ninth Circuit has formally adopted the rule enunciated in Devose v. Herrington, 42 F.3d 470 (8th Cir.1994), which requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally". Id. (citing De Beers Consol. Mines v. United States, 325 U.S. 212, 220, 65 S.Ct. 1130, 89 L.Ed. 1566 (1945)). Here, Plaintiff is requesting this Court enforce an order of a superior court judge in an effort to locate his daughter. Notwithstanding potential abstention concerns, this is wholly unrelated to the relief sought in the complaint. Absent a sufficient relationship or nexus, this Court lacks authority to grant such relief. See Pac. Radiation Oncology, 810 F.3d at 636.[4]

Accordingly, Plaintiff's Motion for Preliminary Injunction [Doc. No. 24] is **DENIED without prejudice**. Plaintiff shall request leave of court in order to file any future preliminary injunction motions.

---

[4] Because these deficiencies end the inquiry altogether, the Court need not address the remaining arguments proffered by either Defendant. See Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris, 729 F.3d 937, 944 (9th Cir.2013).

5

18-cv-0689-JAH-MDD

1 | **IT IS SO ORDERED.**
2 | DATED: July 26, 2018

_____
JOHN A. HOUSTON
United States District Judge