# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARK HANSEN; S.H., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO; SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY; SAN DIEGO POLICE DEPARTMENT; and DOES 1-100,<br><br>Defendants. | Case No. 18cv0689-JAH (MDD)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

## **INTRODUCTION**

Pending before the Court are Defendant San Diego Police Department ("SDPD") and Defendant County of San Diego's ("County of San Diego") motions to dismiss pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure. Doc. Nos. 10, 25. SDPD also filed a motion to strike pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure. Doc. No. 10. The motions are fully briefed. Plaintiff Richard Mark Hansen ("Plaintiff") filed a response in opposition to the County of San Diego's motion to dismiss. Doc. No. 38. After careful review of the pleadings, and for the reasons set forth below, the Court **DISMISSES** the case without prejudice.

1

## BACKGROUND

On April 6, 2018, Plaintiff filed his complaint against Defendants. Doc. No. 1. Plaintiff is appearing pro se. Id. In his complaint, Plaintiff lists S.H., his daughter and minor, as a co-plaintiff and also as "a Minor on behalf of Hansen." Id. at pg. 1. On May 3, 2018, SDPD filed its motion to dismiss and motion to strike portions of the complaint. Doc. No. 10. The County of San Diego filed its motion to dismiss on June 22, 2018. Doc. No. 25. Plaintiff filed a response in opposition to The County of San Diego's motion on August 7, 2018. Doc. No. 38. SDPD's motions remain unopposed.

## DISCUSSION

A minor lacks capacity to bring suit unless accompanied by a representative or court-appointed guardian ad litem. Fed.R.Civ.P. 17(c). A minor also cannot bring suit on behalf of another. Id. Based upon the filings, the Court infers that S.H. does not have a representative or court-appointed guardian ad litem. The Ninth Circuit has ruled that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Here, Plaintiff is pro se and not represented by counsel. Plaintiff cannot bring this action on behalf of S.H., and S.H. cannot bring this action "on behalf of [Plaintiff]." Fed.R.Civ.P. 17(c).

In addition, based on the manner in which Plaintiff's complaint is pled, it is difficult to determine which claims Plaintiff Hansen is bringing against Defendants. In the complaint, Plaintiff Hansen begins each cause of action by asserting: "Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein." Doc. No. 1 at pgs. 11-21. Plaintiff Hansen also indicates that both he and S.H. seek the same prayer for relief. Id. at pg. 22. Based upon this review, the Court finds that Plaintiff Hansen's claims cannot be adequately distinguished from S.H.'s grievances.

//
//
//
//

## **CONCLUSION**

Based on the foregoing reasons, the Court **DISMISSES** the complaint without prejudice. To the extent that Plaintiff is able to cure the noted deficiencies, Plaintiff may file an amended complaint within **30 days** of this order. Defendants' motions to dismiss and motion to strike (Doc. Nos. 10, 25) are **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: December 6, 2018

JOHN A. HOUSTON
United States District Judge